UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
SEAN BALLOU,

                     Plaintiff,

- against -

NEW YORK CITY, SUFFOLK COUNTY,
OFFICERS JOHN DOE 1-10 (meant to be the
PO who effected the arrest), NEW YORK
STATE POLICE DEPARTMENT, and STATE
POLICE INVESTIGATORS ROBERT LYNCH
and MICHAEL O'SULLIVAN,

                     Defendants.
------------------------------------------------------------- x

**MEMORANDUM & ORDER**

08 CV 1073 (RJD) (JMA)

DEARIE, District Judge.

      This is a case of apparent mistaken identity. During the course of a multi-agency, seven-month investigation into a heroin trafficking ring, plaintiff Sean Ballou was arrested for conspiring to sell heroin and detained for 56 days before the charges against him were dropped. The trafficking operation concerned drugs transported between the Shinnecock Indian Reservation on Long Island and the Gowanus housing projects in Brooklyn and involved a number of state, local, and federal agencies. The investigation resulted in nearly 30 indictments, and close to as many convictions.

      Plaintiff sues two New York State Police officers, Robert Lynch and Michael O'Sullivan, under § 1983 for false arrest, false imprisonment, and malicious prosecution. Plaintiff voluntarily dismissed his claims against the City, the State Police, Suffolk County, and the unidentified officers who arrested him. Lynch and O'Sullivan move for summary judgment,

arguing that they are entitled to immunity. For the reasons below, the Court grants defendants' motion for summary judgment.

The following facts are not in dispute.

Around 2006, the East End Task Force (composed of local, state, and federal agencies) was investigating a drug trafficking ring involving targets in Brooklyn and on the Shinnecock Indian Reservation. Lynch, a New York state police officer, oversaw the court-authorized wiretaps. O'Sullivan, another state police officer, helped conduct surveillance, including a stakeout of the Gowanus housing projects on October 4, 2006. During one of the investigation's phone intercepts, a suspect was recorded spelling his last name, "B-A-L-L-O-U." Members of the task force, not including Lynch or O'Sullivan, investigated further, identified plaintiff as the "Ballou" on the intercept, and relayed the identification to Lynch. Based on this identification, Lynch testified before the grand jury, which produced an indictment of plaintiff and two dozen others. The indictment charged Sean Ballou with conspiracy to sell and possess a controlled substance and alleged that on October 5, 2006, Ballou sold more than a half-ounce of heroin to another suspected trafficker for resale in Suffolk County. A Suffolk County court issued an arrest warrant for plaintiff.

On August 7, 2007, several officers arrested Ballou at his Bronx apartment. Plaintiff could not identify any of these officers, but neither Lynch nor O'Sullivan was present. Ballou was arraigned the next day in Suffolk County Court, represented by appointed counsel. Based on plaintiff's prior drug conviction, his arrest history, and his alleged role in the Shinnecock trafficking ring, the court set bail at $50,000. Plaintiff could not make bail, and he was detained in Suffolk County jail.

2

After about one month in detention, Ballou requested new counsel, and the court appointed Joseph Hanshe (his counsel in this civil case as well). Hanshe filed a notice of alibi stating that plaintiff was driving a truck for Seacrest Linen on October 4 and 5, 2006, and implicating plaintiff's brother, Kenneth Ballou, who had recently been arrested for selling heroin in Manhattan and was friends with Terrence Shelby (Shelby had been indicted and arrested in the Shinnecock trafficking investigation). On October 29, 2007, the court dismissed Sean Ballou's indictment on the district attorney's application. See N.Y. C.P.L.R. § 210.40(1)(c). The assistant district attorney testified, "I cannot say that it was Sean Ballou nor can I say that it was Kenneth Ballou. . . . I cannot meet my burden of proof of an identification of the person who committed this crime . . . . [s]o I'm asking that this case be dismissed." Tr. 3:13-18 (10/29/2007). Plaintiff spent 56 days in detention before being released. He now seeks $12 million in damages.

The Court grants summary judgment if the "movant shows that there is no genuine dispute as to any material facts and [he] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Once defendants show that the material facts are undisputed, the burden shifts to plaintiff to produce "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (emphasis original, quoting Rule 56). The Court draws any inferences in the non-movant's favor. Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d. Cir. 2004) (internal citation omitted).

Lynch is entitled to absolute immunity because Lynch, as a "grand jury witness[,] has absolute immunity from any § 1983 claim based on [his] testimony." Rehberg v. Paulk, 132 S. Ct. 1497, 1506 (2012) (per curiam). Plaintiff does not allege any other basis to hold Lynch

3

responsible. Rehberg does not shield O'Sullivan because O'Sullivan did not testify before the grand jury; however, plaintiff does not allege any colorable basis to hold O'Sullivan responsible for his arrest, prosecution, or detention.

For the reasons stated above, defendants' motion for summary judgment is granted.

SO ORDERED.

Dated: Brooklyn, New York
August ??, 2012

/s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge